# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## July 13, 1917.

## THE PEOPLE v. SAMUEL MILCH ET AL.

(178 App. Div. 875.)

TRIAL—HOSTILE ATTITUDE OF TRIAL JUDGE TOWARD DEFENDANT.

Judgment convicting the defendant of an attempt to commit grand larceny in the first degree reversed and a new trial granted because the hostile attitude of the judge toward the defendant during the trial was prejudicial to him so that he was not accorded the fair and impartial trial to which he was entitled.

APPEAL by the defendant, Samuel Milch, from a judgment of the Court of General Sessions of the Peace in and for the County of New York, Part IV, entered in the office of the clerk of said court on the 29th day of May, 1916, convicting him of an attempt to commit grand larceny in the first degree.

*Joseph M. Proskauer,* for the appellant.

*Robert C. Taylor,* for the respondent.

PER CURIAM:

The defendant, Milch, was convicted in the Court of General Sessions of an attempt to commit grand larceny in the first degree, in that he, in conjunction with the other defendants indicted with him, by false and fraudulent representations attempted to induce the payment by the Philadelphia Life Insurance Company of the amount of a policy of life insurance issued upon the life of one Samuel Caminsky. In view of the disposition we are about to make of the appeal, and the reasons

for so disposing of it, we find it unnecessary to state the accusation and proof in detail.

The appellant in addition to pointing out alleged errors in the admission and rejection of evidence, and claiming that the evidence wholly fails to connect him with the crime, especially insists that throughout the trial the judge who presided at it evidenced such an hostile attitude towards said appellant, and otherwise so conducted the trial that the appellant was not accorded that fair and impartial trial to which every one indicted for a criminal offense is entitled. This claim of unfairness in the trial is so earnestly insisted upon that we have examined the record with great care to see whether it is well founded, and we are compelled to say that it is, and that for that reason alone, without considering other alleged errors, the judgment of conviction cannot be allowed to stand. We do not believe that the judge who presided was intentionally unfair, but it is clear that he became much angered by certain incidents which occurred at the trial, and failed to retain that poise and self-restraint which the circumstances required. The result was that he showed very plainly his belief in the defendant's guilt in a manner which could not have failed to impress and influence the jury. No good purpose would be served by reciting in detail the particular acts which seem to us to have been unfair and prejudicial to the defendant. It is sufficient that for the reason given we reverse the judgment appealed from and grant a new trial.

Present — CLARKE, P. J., LAUGHLIN, SCOTT, DAVIS and SHEARN, JJ.

SCOTT, J.:

I agree that the defendant did not have an absolutely fair trial and that for that reason alone, if there were none other, the judgment appealed from should be reversed. I think,

however, that the defendant was tried and convicted of a crime with which he was not charged in the indictment. The first count of the indictment (the second was dismissed) charges that on May 8, 1913, the defendant with others made certain false representations to the Philadelphia Life Insurance Company in a felonious and fraudulent attempt to deprive said company of its money.

The indictment recites by way of introduction the taking out of said policy in 1911, and names several persons who were instrumental in having the policy issued. The defendant, however, is not so named and is not charged, so far as the indictment goes, with the fraud which was undoubtedly committed at that time. When it comes to charging defendant with felonious and fraudulent acts it is not even alleged that he did those acts on the 8th day of May, 1913, " and theretofore." In short there is nothing in the indictment to advise him that it was intended to implicate him in the fraud of 1911, and yet the record is chiefly made up of evidence tending to establish that fraud and connecting defendant with it, and the court treated the case throughout as if defendant was being tried for complicity in the fraud of 1911. If that evidence, and the court's comments upon it, were out of the case it is impossible to say with certainty that the jury would have convicted the defendant of any crime, especially since, by May 8, 1913, the policy had become by its terms incontestable upon any ground.

The defendant, therefore, in my opinion, was convicted of a fraud in 1911 with which he was not charged in the indictment. I concur in the reversal of the judgment.

Judgment reversed and new trial ordered. Order to be settled on notice.